BRICK v. RAILROAD.

(Filed October 16, 1906).

*Railroads—Trunks Containing Merchandise—Negligence—*
*Jurisdiction of Justice of Peace.*

Where a plaintiff sued in a court of a justice of the peace for the value of the contents of a trunk, which was lost, containing his wearing apparel and a quantity of merchandise, an exception to the charge that the plaintiff could not, in any view of the evidence, recover the value of the merchandise, will not be considered, because whatever cause of action the plaintiff may have had for the non-delivery of

the merchandise was for negligence, for a tort, and the demand of damages therefor being in excess of $50, was not within the jurisdiction of a justice's court.

ACTION by A. B. Brick against the Atlantic Coast Line Railroad Company, heard upon appeal from a justice of the peace, by *Judge W. B. Council* and a jury, at the September Term, 1906, of the Superior Court of ROBESON. From the judgment rendered, the plaintiff appealed.

*McIntyre & Lawrence* for the plaintiff.
*McLean, McLean & McCormick* for the defendant.

CLARK, C. J. Plaintiff sued for value of the contents of a trunk into which he had packed certain of his wearing apparel, and also a quantity of jewelry intended for sale in his store at Chadbourn. He purchased a ticket and checked the trunk and then delivered the ticket and check to his brother, who was a clerk in his employ in said store and who rode upon said ticket. The trunk was lost. This action was begun in the court of a justice of the peace. On the trial on appeal to the Superior Court, the Judge charged the jury that as to the jewelry, the defendant was liable only for gross negligence; that the burden was upon the plaintiff to establish such negligence, that the mere showing delivery to defendant and the non-production of the trunk upon demand was no evidence of gross negligence, and that in no view of the evidence could the plaintiff recover the value of the jewelry. The plaintiff excepted. There was a verdict for $46.75, the value of the wearing apparel only.

We need not consider the charge excepted to, because the action was begun in the justice's court, which had jurisdiction of the breach of contract of safe carriage of the wearing apparel, but whatever cause of action, if any, the plaintiff may have had for the non-delivery of the jewelry was for negligence, for a tort, and the demand of damages therefor,

being in excess of $50, was not within the jurisdiction of a justice's court. *Malloy v. Fayetteville,* 122 N. C., 480.

Indeed, if the defendant had excepted and appealed, a very interesting question might have been raised, whether a recovery could have been had for the wearing apparel of plaintiff, seeing that the ticket, to the use of which the carriage of baggage was appurtenant, was not used by the plaintiff, but by his brother. The defendant having failed to except and appeal, that question, however, is not before us.

No Error.

